SUTIN, Judge (specially concurring). {24} I concur. I ask, has our Supreme Court already decided that an arbitration clause is substantively unconscionable as unfairly one-sided when the clause excludes from arbitration one or more claims most likely to be pursued by the healthcare or loan company, even if the healthcare or loan company might be able to establish that litigating a claim in court is in the best interests of both parties in terms of economy and perhaps even speed? It would appear so. See Rivera, 2011-NMSC-033, ¶ 53 (“[The defendant’s] ability under the arbitration clause to seek judicial redress of its likeliest claims while forcing [the plaintiff] to arbitrate any claim she may have is unreasonably one-sided.”). Figueroa also tends in that direction. See Figueroa, 2012-NMCA-___, ¶ 30. If where we are headed is that under no circumstance can a healthcare facility or nursing home escape unconscionability or unlawful contract adhesion when its arbitration clause exempts a claim that it is most likely to pursue, I respectfully suggest that the Supreme Court should clearly lay the matter to rest. JONATHAN B. SUTIN, Judge